UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:13-cr-00018-JAW |
| | ) | |
| WADE ROBERT HOOVER | ) | |
| | ) | |
| | ) | |

**ORDER DISMISSING DEFENDANT'S MOTION TO DISMISS INDICTMENT WAIVER AND MOTION FOR EVIDENTIARY HEARING**

The Court dismisses the Defendant's motion to dismiss indictment waiver and motion for evidentiary hearing because his case is no longer pending and therefore his claim must be initiated under the habeas corpus provisions of 28 U.S.C. § 2255, not as a motion to dismiss.

**I.  BACKGROUND**

On February 5, 2013, Wade Robert Hoover waived indictment and pleaded guilty to a two-count information, charging him with sexual exploitation of two minors and possession of child pornography. *Waiver of Indictment* (ECF No. 18); *Information* (ECF No. 19); *Tr. of Proceedings* (ECF No. 47). On July 5, 2013, the Court sentenced Mr. Hoover to 360 months imprisonment on Count One and a consecutive term of 120 months on Count Two. *J.* (ECF No. 38). On July 8, 2013, Mr. Hoover filed a notice of appeal to the First Circuit Court of Appeals. *Notice of Appeal* (ECF No. 40). On June 25, 2014, the First Circuit Court of Appeals affirmed the Judgment. *J.* (ECF No. 49).

On July 15, 2014, Mr. Hoover filed a motion to dismiss indictment waiver with a request for an evidentiary hearing. *Mot. to Dismiss Indictment Waiver* (ECF No. 53) (*Def.'s Mot.*). The Government responded on July 22, 2014. *Gov't's Resp. to Def.'s Pro Se Mot. to Dismiss Indictment Waiver* (ECF No. 55) (*Gov't's Resp.*). Mr. Hoover replied on August 4, 2014. *Def.'s Reply* (ECF No. 56).

In his motion, although the argument is not entirely clear, Mr. Hoover claims that he was misled into waiving indictment on the misimpression that the state of Maine would not proceed against him for his conduct against the two minor victims, an impression that turned out to be incorrect. *Def.'s Mot.* at 1 ("After being convicted federally, the State obtained indictment against the defendant on May 30, 2013, charging 12 counts of Gross Sexual conduct alleged in the federal indictment, and for which the defendant received an enhanced sentence of 40 years in the federal case because of the commission of sexual acts against a child under 12 years of age"). Mr. Hoover asserts that he would not have waived indictment or pleaded guilty to the federal charges had he known that the state of Maine would proceed against him and that he would be at risk for being charged with the same crime in state court "for the same elements to be convicted twice and sentenced twice for the same crime." *Id.*

In its response, the Government points out that under Federal Rule of Criminal Procedure 12(b)(3)(B), a motion alleging a defect in instituting a prosecution or in an indictment or information must be made before trial, "but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." *Gov't's Resp.* at 1

(quoting FED. R. CRIM. P. 12(b)(3)(B)). The Government says the case is no longer pending and the only appropriate vehicle for Mr. Hoover to attack his conviction would be a motion under 28 U.S.C. § 2255. *Id.*

In his reply, Mr. Hoover maintains that he is allowed to proceed with a motion to dismiss the information based on Federal Rule of Criminal Procedure 7(b)(3), stating that it provides that an information may be dismissed based on error "unless the defendant was misled and thereby prejudiced." *Def.'s Reply* at 1 (quoting FED. R. CRIM. P. 7(b)(3)).

## II. DISCUSSION

Mr. Hoover's reliance on Rule 7 is misplaced. The entire applicable provision (actually Rule 7(c)(2)) reads:

> **(2) Citation Error.** Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction.

FED. R. CRIM. P. 7(c)(2). Mr. Hoover does not claim that the information contained a citation error and therefore Rule 7 has nothing to do with his motion to dismiss.

More to the point, Mr. Hoover may not raise an asserted defect in the information in a stand-alone motion to dismiss after the case is no longer pending. *See United States v. Welch*, 849 F. Supp. 5, 7 (D. Me. 1994). Rule 12(b)(3)(B) expressly provides that a motion alleging a defect in an information must be made "at any time while the case is pending." FED. R. CRIM. P. 12(b)(3)(B).

This does not mean that Mr. Hoover is without a remedy. If he wishes to do so, Mr. Hoover may file a petition under 28 U.S.C. § 2255, alleging these same

3

asserted legal errors. *See Welch*, 849 F. Supp. at 7 ("A challenge based on the assertion that an indictment is so defective that on its face it fails to state a federal offense is timely when, as in the present case, it is raised for the first time on a section 2255 motion"). He has selected the wrong procedural vehicle to bring his claimed error to the attention of the Court. If he elects to initiate a section 2255 petition, his claim will be judged under the standards applicable to such petitions.

## III. CONCLUSION

The Court DISMISSES without prejudice Wade Robert Hoover's Motion to Dismiss Indictment Waiver (ECF No. 53) and Motion for Evidentiary Hearing (ECF No. 57).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 15th day of August, 2014