UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:13-cr-00018-JAW |
| | ) | |
| WADE ROBERT HOOVER | ) | |
| | ) | |
| | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

On August 15, 2014, the Court denied without prejudice Wade Robert Hoover's motion to dismiss indictment waiver and motion for evidentiary hearing. *Order Dismissing Def.'s Mot. to Dismiss Indictment Waiver and Mot. for Evidentiary Hr'g* (ECF No. 58) (*Order*). On August 21, 2014, Mr. Hoover filed a motion for reconsideration, *Def.'s Mot. for Recons.* (ECF No. 59), and on August 28, 2014, he filed an addendum. *Letter from Wade Robert Hoover to Judge Woodcock* (ECF No. 60). The Government responded on September 11, 2014. *Gov't's Resp. to Def.'s* Pro Se *Mot. for Recons.* (ECF No. 61). Mr. Hoover replied on September 18, 2014. *Def.'s Reply to Gov't's Resp. to Def.'s Mot. for Recons.* (ECF No. 62).

The Court denies Mr. Hoover's motion for reconsideration because as it explained in its earlier order, his criminal case is no longer pending and his claims of error must be pursued under the habeas corpus provisions of 28 U.S.C. § 2255, not as a motion to dismiss. *Order* at 1-4. The Court wrote in its Order:

> This does not mean that Mr. Hoover is without a remedy. If he wishes to do so, Mr. Hoover may file a petition under 28 U.S.C. § 2255, alleging these same asserted legal errors. *See* [*United States v.*] *Welch*, 849 F. Supp. [5] at 7 ("A challenge based on the assertion that an indictment is

> so defective that on its face it fails to state a federal offense is timely when, as in the present case, it is raised for the first time on a section 2255 motion"). He has selected the wrong procedural vehicle to bring his claimed error to the attention of the Court. If he elects to initiate a section 2255 petition, his claim will be judged under the standards applicable to such petitions.

*Id.* at 3-4.

The Court does not know how to be plainer. If he wishes to bring his claims of error to the court, Mr. Hoover must file a petition for habeas corpus under 28 U.S.C. § 2255; he cannot bring these claims by trying to dismiss a case that is no longer pending. This does not mean that all of Mr. Hoover's multiple complaints will be cognizable under a habeas corpus petition, but it does mean that none of them is cognizable now under a motion to dismiss the indictment.

The Court DENIES Robert Wade Hoover's Motion for Reconsideration (ECF No. 59).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 23rd day of September, 2014